UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOHNNY WILLIAM BOYDE,

                                        Plaintiff,

   v.

DEPUTY UZUNOFF,

                                        Defendant.

9:21-CV-0741 (TJM/ATB)

JOHNNY WILLIAM BOYDE,

                                        Plaintiff,

   v.

DEPUTY SHERIFF QUIGLEY,

                                        Defendant.

9:21-CV-0742 (TJM/ATB)

JOHNNY WILLIAM BOYDE,

                                        Plaintiff,

   v.

ONONDAGA COUNTY JUSTICE CENTER,

                                        Defendant.

9:21-CV-0748 (TJM/ATB)

JOHNNY WILLIAM BOYDE,

                                        Plaintiff,

   v.

SERGEANT L. McCARTY, et al.,

                                        Defendants.

9:21-CV-0837 (TJM/ATB)

APPEARANCES:

JOHNNY WILLIAM BOYDE
Plaintiff, pro se
07001284
Onondaga County Justice Center
555 South State Street
Syracuse, NY 13202

THOMAS J. McAVOY
Senior United States District Judge

# DECISION and ORDER

## I.    INTRODUCTION

The Clerk has sent to the Court for review four complaints filed by pro se plaintiff Johnny William Boyde in the above-captioned actions, along with a letter request for a "speedy release" filed in two of these actions. Plaintiff, who is confined at the Onondaga County Justice Center and has not paid the filing fee in any of these actions, seeks leave to proceed in forma pauperis ("IFP").[1]

## II.   CONSOLIDATION

Rule 42(a) of the Federal Rules of Civil Procedure provides for the consolidation of actions pending before the court which involve "a common question of law or fact." Fed. R. Civ. P. 42(a)(2). As the Second Circuit has recognized, "[t]he trial court has broad discretion to determine whether consolidation is appropriate," *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990), and may consolidate actions sua sponte. *Devlin v.*

---

[1] In addition to the four complaints recited in the caption, plaintiff recently filed two other civil rights actions in this District. *See Boyde v. Onondaga County Justice Center et al.*, 9:21-CV-0796 (TJM/ATB), Dkt. No. 1 (N.D.N.Y. filed July 13, 2021); *Boyde v. Onondaga County Justice Center et al.*, 9:21-CV-0797 (TJM/ATB), Dkt. No. 1 (N.D.N.Y. filed July 13, 2021). As a result of plaintiff's failure to comply with the filing fee requirements, these two actions were both administratively closed.

2

*Transportation Commc'ns Intern. Union*, 175 F.3d 121, 130 (2d Cir. 1999). The Court must consider in each case the possible risks and benefits of consolidation. "The paramount concern is whether savings of expense and gains of efficiency can be accomplished without sacrifice of justice." *Wolm v. Ahern*, Nos. 14-CV-3978, 14-CV-4177, 2014 WL 5171763, at *1 (E.D.N.Y. Oct. 8, 2014).

Upon review of the four complaints filed by plaintiff, the Court finds that common questions of law and fact exist in these cases. In three of these actions, plaintiff asserts claims arising out of the same incident that allegedly occurred on May 14, 2021, at the Onondaga County Justice Center. *See Boyde v. Uzunoff*, 9:21-CV-0741 ("*Boyde I*"), Dkt. No. 1 (N.D.N.Y. filed June 29, 2021); *Boyde v. Quigley*, 9:21-CV-0742 ("*Boyde II*"), Dkt. No. 1 (N.D.N.Y. filed June 29, 2021); and *Boyde v. Onondaga County Justice Center*, 9:21-CV-0748 ("*Boyde III*"), Dkt. No. 1 (N.D.N.Y. filed June 30, 2021). Moreover, the allegations in the body of the pleadings in *Boyde I*, *Boyde II*, and *Boyde III* are virtually identical. *See Boyde I*, Dkt. No. 1 at 2-4; *Boyde II*, Dkt. No. 1 at 2-4; *Boyde III*, Dkt. No. 1 at 2-4. Indeed, the only difference between the three pleadings is that each names a different defendant. In addition, plaintiff attached the same exhibits to each of these complaints. *See Boyde I*, Dkt. No. 1-2; *Boyde II*, Dkt. No. 1, at 5-11; *Boyde III*, Dkt. No. 1, at 5-11.

In the fourth action, plaintiff names Sergeant McCarty as a defendant, along with Uzunoff, Quigley, and the Onondaga County Justice Center, and the body of the complaint, in addition to citing case law, vaguely alleges only that Sergeant McCarty was involved in wrongdoing with Uzunoff and Quigley. *See Boyde v. McCarty*, 9:21-0837 ("*Boyde IV*"), Dkt.

No. 1 (N.D.N.Y. filed July 23, 2021).[2]

Based upon the foregoing, the Court hereby consolidates these actions. Fed. R. Civ. P. 42(a). *Boyde I* shall be referred to and treated as the "lead" case, and all subsequent orders of this Court and papers that are submitted by the parties hereto that pertain to any of the foregoing actions shall be filed in *Boyde I*. Because the complaints in *Boyde II*, *Boyde III*, and *Boyde IV* include claims against Deputy Sheriff Quigley, Sergeant McCarty, and the Onondaga County Justice Center, copies of these pleadings shall be filed in *Boyde I*, immediately following the signature page of that pleading, and these four complaints shall collectively be considered the operative pleading (hereinafter cited as "Compl."), subject to the Court's review in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.[3]

## III.   IN FORMA PAUPERIS APPLICATION

"28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).[4] "Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must

---

[2] Two almost identical versions of this pleading are docketed as amended complaints in *Boyde I* and *Boyde II*. *See Boyde I*, Dkt. No. 8; *Boyde II*, Dkt. No. 7. Because the Court has decided to consolidate the four above-captioned actions, and consider the allegations in *Boyde IV* as part of its sufficiency review herein, the Court need not and will not separately address the amended complaints in *Boyde I* and *Boyde II*, which suffer from the same deficiencies as the complaint in *Boyde IV*, as discussed more fully below.

[3] Because the exhibits filed in *Boyde I*, *Boyde II*, and *Boyde III* are identical, the Clerk need not file the exhibits to *Boyde II* and *Boyde III* as part of the consolidated pleading.

[4] Section 1915(g) prohibits a prisoner from proceeding in forma pauperis where, absent a showing of "imminent danger of serious physical injury," a prisoner has filed three or more actions or appeals that were subsequently dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Based upon the Court's review of plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service, it does not appear that plaintiff has accumulated three strikes for purposes of 28 U.S.C. § 1915(g).

subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." *Id*. (citing 28 U.S.C. § 1915(b) and *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)).

Upon review, the Court finds that plaintiff has submitted a completed in forma pauperis application in *Boyde I* which has been certified by an appropriate official at his facility, *see* Dkt. No. 4, and which demonstrates economic need. *See* 28 U.S.C. § 1915(a)(2). Plaintiff has also filed the inmate authorization required in the Northern District. Dkt. No. 5.

Accordingly, plaintiff's application in *Boyde I* to proceed with this action in forma pauperis is granted. The in forma pauperis applications filed in *Boyde II and Boyde III* are denied as moot.[5]

## IV.   SUFFICIENCY OF THE CONSOLIDATED COMPLAINT

### A.   Governing Legal Standard

Having found that plaintiff meets the financial criteria for commencing this action in forma pauperis, and because plaintiff seeks relief from a governmental entity or an officer or employee of a governmental entity, the Court must consider the sufficiency of the allegations set forth in his consolidated complaint in light of 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

Section 1915(e) directs that, when a plaintiff seeks to proceed in forma pauperis, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action

---

[5] Plaintiff did not file a separate in forma pauperis application with the complaint that he filed in *Boyde IV*. While ordinarily, this would necessitate administrative closure for failure to comply with the filing fee requirement, the Court's decision to consolidate the above-captioned actions moots the need for a separate application to proceed in forma pauperis in *Boyde IV*.

5

. . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[6]  Thus, even if a plaintiff meets the financial criteria to commence an action in forma pauperis, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action in forma pauperis.  *See id*.

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate prisoner pro se complaints).

In reviewing a pro se complaint, the court has a duty to show liberality toward pro se litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond."  *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal

---

[6] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

6

citations omitted).  Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Although the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id*.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*. (citing *Twombly*, 550 U.S. at 555).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'"  *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice.  *Id*. (internal quotation marks and alterations omitted).

**B.    Summary of the Consolidated Complaint**

Plaintiff asserts allegations of wrongdoing that occurred during his confinement at the Onondaga County Justice Center.  *See generally* Compl.  The consolidated complaint is extremely brief.  The following facts are set forth as alleged by plaintiff in his consolidated complaint, or indicated in documents attached thereto.

On May 14, 2021, plaintiff was "observed laying on [his] cell floor kicking the chair

7

repeatedly." Compl. at 2; Dkt. No. 1-1 at 2-3. "Mental health then came to speak to the plaintiff, [who was] ordered by two [corrections sergeants] to move cells[.]" Compl. at 2. Plaintiff refused to move because his "legs [were] all twisted," and he could not "stand up." *Id*.

Plaintiff names Deputy Sheriff Uzunoff, Deputy Sheriff Quigley, Sergeant McCarty, and the Onondaga County Justice Center as defendants. *See* Compl. at 1-2, 5-6, 9-10, 13-15.

Although no further facts are alleged in the body of the consolidated complaint, the documents attached thereto include a disciplinary hearing report, which contains written statements from defendants Uzunoff and Quigley. *See* Dkt. No. 1-1 at 2-3. The statements from defendants Uzunoff and Quigley indicate as follows: (1) on May 14, 2021, defendant Uzunoff witnessed plaintiff laying on his mattress on the floor of his cell without pants on; (2) defendant Uzunoff ordered plaintiff to stand and place his mattress on his bunk; (3) plaintiff first stated that he could not feel his legs, then stood up and began asking questions; (4) a group of officials arrived at the cell to assist defendant Uzunoff; (5) defendant Uzunoff again asked plaintiff to pick up his mattress, place it on the bunk, and face the rear wall; (6) plaintiff failed to comply with the directive; (7) defendant Uzunoff then opened plaintiff's cell door and the team of officials, which included defendant Quigley, entered; (8) upon entering the cell, defendant Quigley grabbed plaintiff's right wrist and placed it behind his back while guiding him to the floor; (9) defendant Quigley then placed handcuffs around plaintiff's wrists, an emergency response belt was placed around his torso, and he was then moved out of his cell and placed on a gurney. *Id*.

Based on the documents attached to the consolidated complaint, the Court liberally

construes the pleading to assert Fourteenth Amendment excessive force and failure-to-intervene claims against each of the defendants.[7]

Plaintiff seeks monetary damages. Compl. at 4. For a complete statement of plaintiff's claims, reference is made to the consolidated complaint.

**C.   Analysis**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 ("Section 1983"), which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.,* 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 6:95-CV-0272 (TJM/RWS), 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights." (citation omitted)). "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted).

**1. Onondaga County Justice Center**

"[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." *Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); *In re Dayton*, 786 F. Supp. 2d 809, 818 (S.D.N.Y. 2011); *see also Lukes v.*

---

[7] The consolidated complaint does not indicate plaintiff's incarceration status. However, for purposes of this Decision and Order only, the Court has assumed that plaintiff was a pretrial detainee at the time of the events giving rise to his claims. Because the consolidated complaint lacks any allegations which plausibly suggest that plaintiff was denied medical or mental health treatment by any of the named defendants, the Court has not construed the consolidated complaint to assert any medical indifference claims.

*Nassau Cnty. Jail,* No. 12-CV-1139, 2012 WL 1965663, at *2 (E.D.N.Y. May 29, 2012) (dismissing claims against defendant Nassau County Jail because it "is an administrative arm of Nassau County, without a legal identity separate and apart from the County"). Since the Onondaga County Justice Center is an administrative arm of Onondaga County, without a legal identity separate and apart from the County, it lacks the capacity to be sued. However, in deference to plaintiff's pro se status, the Court will consider whether plaintiff has stated constitutional claims against Onondaga County, who is the real party in interest. *See Solis v. Cnty. of Westchester,* No. 94-CV-5102, 1995 WL 14072, at *1 (S.D.N.Y. Jan.10, 1995) (noting that the Westchester County Department of Corrections is not a legal entity and that the County of Westchester is the real party in interest); N.Y. County Law § 51 ("Actions or proceedings by or against a county shall be in the name of the county.").

Municipal liability is limited under Section 1983 by *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). In *Monell*, the Supreme Court found that municipal liability existed "where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006). A municipality may not be held liable solely because it employs a tortfeasor. *LaVertu v. Town of Huntington*, No. 13-CV-4378, 2014 WL 2475566, at *3 (E.D.N.Y. Apr. 4, 2014) (Report and Recommendations) (citing *inter alia Los Angeles Cnty., Cal. v. Humphries*, 562 U.S. 29, 35 (2010)), *adopted in relevant part*, 2014 WL 2506217 (E.D.N.Y. June 2, 2014). Only when the municipality, through the execution of its policies, actually deprives an individual of his constitutional rights, is it liable for the injury. *Monell*, 436 U.S. at 694.

Thus, to successfully state a claim for *Monell* liability, a plaintiff must "make factual allegations that support a plausible inference that the constitutional violation took place pursuant either to a formal course of action officially promulgated by the municipality's governing authority or the act of a person with policy making authority for the municipality." *Missel v. Cnty. of Monroe*, 351 Fed. App'x 543, 545 (2d Cir. 2009) (citing *Vives v. City of N.Y.*, 524 F.3d 346, 350 (2d Cir. 2008)).

Here, plaintiff names the Onondaga County Justice Center as a defendant in the caption of the consolidated complaint, but has not alleged facts which plausibly suggest that any of the wrongdoing alleged in the consolidated complaint occurred pursuant to a formal or informal policy or custom of Onondaga County, or the Onondaga County Justice Center. Insofar as the consolidated complaint may allege that employees at the Onondaga County Justice Center violated plaintiff's constitutional rights, those allegations fail to state a claim against Onondaga County because a municipality may not be liable on the basis of respondeat superior. *See Monell*, 436 U.S. at 691.

Accordingly, plaintiff's claims against the Onondaga County Justice Center are dismissed in their entirety with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. Moreover, and notwithstanding a very liberal interpretation of the consolidated complaint, to the extent that plaintiff's claims could be construed to be asserted against Onondaga County as the real party in interest, those claims are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 2. Defendants Uzunoff, Quigley, and McCarty

Assuming that plaintiff was a pretrial detainee at the time of the events giving rise to his claims, he "receive[d] protection against mistreatment at the hands of prison officials under . . . the Due Process Clause of the Fourteenth Amendment[.]" *Caiozzo v. Koreman*, 581 F.3d 63, 69 (2d Cir. 2009), *overruled on other grounds by Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017).

In *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), the Supreme Court distinguished between Eighth and Fourteenth Amendment excessive force claims, and held that a pretrial detainee need not demonstrate that an officer accused of using excessive force was subjectively aware that his use of force was unreasonable. *Id*. at 396-97. Rather, "to prove an excessive force claim, a pretrial detainee must show . . . only that the officers' use of that force was objectively unreasonable." *Id*. In making that objective determination, the court must view the matter from "the perspective of a reasonable officer on the scene," and consider "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id*. at 397.

"[C]laims for excessive force under the Fourteenth Amendment must involve force that is either 'more than de minimis' or 'repugnant to the conscience of mankind.'" *Lewis v. Huebner*, No. 17-CV-8101, 2020 WL 1244254, at *5 (S.D.N.Y. Mar. 16, 2020) (quoting *United States v. Walsh*, 194 F.3d 37, 48 (2d Cir. 1999) (citation and quotation marks omitted)); *see also Lynch v. City of New York*, 952 F.3d 67, 77-78 (2d Cir. 2020) (explaining

12

that "there is a de minimis level of imposition with which the Constitution is not concerned," and therefore holding that a protestor who was detained for five hours and punitively denied food, drink, and access to a bathroom failed to state a Fourteenth Amendment claim (citation and quotation marks omitted)); *see also Graham v. Connor*, 490 U.S. 386, 396-98 (1989) (explaining that "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment[,]" and that "[a]n officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional").

When a citizen is subjected to excessive force, "an officer who fails to intervene where he or she observes or has reason to know that excessive force is being used or a constitutional violation has been committed by a fellow officer is liable for the preventable harm caused by that officer." *Portillo v. Webb*, No. 16-CV-4731, 2017 WL 4570374, at *4 (S.D.N.Y. Oct. 11, 2017) (collecting cases), *report and recommendation adopted by* 2018 WL 481889 (S.D.N.Y. Jan. 17, 2018); *see also Terebesi v. Torreso*, 764 F.3d 217, 243 (2d Cir. 2014) ("It is widely recognized that all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." (internal quotation marks and citation omitted)).

In this case, plaintiff alleges that he was "laying on [his] cell floor kicking [a] chair repeatedly" when defendants Uzunoff and Quigley (and apparently others) arrived at his cell, and he refused to comply with orders to stand up. Compl. at 2. Based on these limited allegations, the Court has no basis to plausibly infer that it was objectively unreasonable to enter plaintiff's cell and place him in restraints in order to then remove him from the cell.

13

Moreover, the consolidated complaint lacks any allegations regarding the nature of the force used against plaintiff when he was placed in restraints and removed from his cell, as well as any injuries plaintiff may have suffered during this process. Thus, the consolidated complaint lacks allegations which plausibly suggest that defendant Quigley (or any other official) subjected plaintiff to an objectively unreasonable use of force on May 14, 2021.

Accordingly, plaintiff's Fourteenth Amendment claims against defendants Uzunoff, Quigley, and McCarty are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.[8]

**D.     Opportunity to Amend**

The Second Circuit has held that a district court "should not dismiss [a pro se plaintiff's complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation omitted). Thus, the Court will afford plaintiff an opportunity to present a proposed amended complaint with respect to his claims that have been dismissed without prejudice.

Any amended complaint submitted by plaintiff in response to this Decision and Order must set forth a short and plain statement of the facts he relies on in support of his claim that specific individuals named as defendants in that pleading engaged in acts of misconduct or wrongdoing which violated his constitutional rights. Plaintiff's amended complaint, which shall supersede and replace in its entirety the original complaint, must be a complete

---

[8] Although the consolidated complaint names Sergeant McCarty as a defendant, and appears to allege that she assisted defendants Uzunoff and Quigley in some unidentified way, neither the allegations in the consolidated complaint nor the documents attached thereto indicate that defendant McCarty was involved in the events that occurred on May 14, 2021. Thus, it is entirely unclear to the Court why this official is named as a defendant.

pleading which sets forth all of the claims that plaintiff wants this Court to consider as a basis for awarding relief herein.

Plaintiff is advised that his failure to file an amended complaint **within thirty (30) days** of the filing date of this Decision and Order will result in dismissal of this action without prejudice without further Order of the Court.

## V.   LETTER REQUEST FOR "SPEEDY RELEASE"

In *Boyde I* and *Boyde III*, the Clerk has docketed a letter filed by plaintiff wherein he seeks a "speedy release" from incarceration. *See Boyde I*, Dkt. No. 11; *Boyde III*, Dkt. No. 7.

In *Wilkinson v. Dotson*, the Supreme Court addressed the relationship between Section 1983 and federal habeas corpus law. 544 U.S. 74 (2005). In analyzing its jurisprudence – from *Preiser v. Rodriguez*, 411 U.S. 475 (1973), and *Wolff v. McDonnell*, 418 U.S. 539 (1974), to *Edwards v. Balisok*, 520 U.S. 641 (1997) – the Court stated as follows:

> Throughout the legal journey from *Preiser* to *Balisok*, the Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement-either **directly** through an injunction compelling speedier release or **indirectly** through a judicial determination that necessarily implies the unlawfulness of the State's custody. Thus, *Preiser* found an implied exception to § 1983's coverage where the claim seeks-not where it simply 'relates to'-'core' habeas corpus relief, i.e., where a state prisoner requests present or future release.... *Wolff* makes clear that § 1983 remains available for procedural challenges where success in the action **would not** necessarily spell immediate or speedier release for the prisoner.
>
> ... And *Balisok*, like *Wolff*, demonstrates that habeas remedies do not displace § 1983 actions where success in the civil rights suit would not necessarily vitiate the legality of (not previously invalidated) state confinement. These cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-if

15

>success in that action would necessarily demonstrate the invalidity of confinement or its duration.

544 U.S. at 81-82 (emphasis in original). "Thus, if the inmate's success in his action would necessarily result in immediate or speedier release, the sole procedure available is a habeas corpus proceeding; if not, section 1983 remains available." *Becker v. Paterson*, No. 1:09-CV-392 (NAM/DRH), 2010 WL 1186521, at *3 (N.D.N.Y. Mar. 23, 2010).

As far as the Court can tell, the allegations in the consolidated complaint relate to a discrete event at the Onondaga County Justice Center, for which plaintiff seeks money damages. Plaintiff's letter request, which vaguely references his criminal conviction in 2014, does not explain why he is currently incarcerated, why he believes he is entitled to a "speedy release", or how his request for a "speedy release" is in any way related to the claims asserted in the consolidated complaint. Furthermore, the relief sought in the letter request is unavailable in a Section 1983 action. *See Preiser*, 411 U.S. at 500.

For these reasons, the letter request is denied without prejudice to plaintiff filing a proper habeas corpus proceeding. In an effort to assist plaintiff in this regard, the Clerk is directed to provide him with a blank habeas corpus petition.

## VI.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that in accordance with Fed. R. Civ. P. 42(a)(2), *Boyde I* (9:21-CV-0741), *Boyde II* (9:21-CV-0742), *Boyde III* (9:21-CV-0748), and *Boyde IV* (9:21-CV-0837) are hereby consolidated. *Boyde I* shall be referred to and treated as the "lead" case, and all subsequent orders of this Court and papers that are submitted by the parties hereto that pertain to any of the foregoing actions shall be filed in *Boyde I*; and it is further

**ORDERED** that the Clerk file copies of the pleadings in *Boyde II*, *Boyde III*, and *Boyde IV*, without exhibits, immediately following the signature page of the pleading in *Boyde I*.  The Clerk need not file the exhibits to *Boyde II* and *Boyde III* as part of the consolidated pleading; and it is further

**ORDERED** that plaintiff's application to proceed in forma pauperis in *Boyde I* (Dkt. No. 4) is **GRANTED**;[9] and it is further

**ORDERED** that plaintiff's applications to proceed in forma pauperis in *Boyde II* and *Boyde III* are **DENIED** as moot; and it is further

**ORDERED** that the Clerk provide the superintendent of the facility, designated by plaintiff as his current location, with a copy of plaintiff's inmate authorization form (Dkt. No. 5), and notify the official that this action has been filed and that plaintiff is required to pay to the Northern District of New York the entire statutory filing fee of $350 in installments, over time, pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED** that the Clerk provide a copy of plaintiff's inmate authorization form (Dkt. No. 5) to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED** that plaintiff's claims against the Onondaga County Justice Center are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted;[10] and it is further

---

[9] Although his in forma pauperis application has been granted, plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

[10] Generally, when a district court dismisses a pro se action sua sponte, the plaintiff will be allowed to amend his action.  *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999).  However, an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile.  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Pucci v. Brown*, 423 Fed. App'x 77, 78 (2d Cir. 2011).  Amendment of these claims would be futile.

**ORDERED** that plaintiff's remaining Section 1983 claims are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that if plaintiff wishes to proceed with this action he must file an amended complaint as set forth above within thirty (30) days of the filing date of this Decision and Order; and it is further

**ORDERED** that upon the filing of an amended complaint as directed above, the Clerk shall return the file to this Court for further review; and it is further

**ORDERED** that in the event plaintiff fails to file a signed amended complaint within thirty (30) days of the filing date of this Decision and Order, the Clerk shall enter judgment dismissing this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) due to plaintiff's failure to state a claim upon which relief can be granted and to comply with the terms of this Decision and Order, without further order of this Court; and it is further

**ORDERED** that plaintiff's letter request for a "speedy release" (*Boyde I*, Dkt. No. 11; *Boyde III*, Dkt. No. 7) is **DENIED** without prejudice to plaintiff filing a proper habeas corpus proceeding. In an effort to assist plaintiff in this regard, the Clerk is directed to provide him with a blank habeas corpus petition; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this consolidated action must bear the case number of the lead case (*Boyde I*, No. 9:21-CV-0741) and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any**

**paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.**  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of this action**; and it is further

    **ORDERED** that the Clerk of the Court serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated:    July 28, 2021
             Binghamton, NY

Thomas J. McAvoy
Senior, U.S. District Judge