UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHNNY WILLIAM BOYDE,

                        Plaintiff,

      v.                                                9:21-CV-0741
                                                    (TJM/ATB)

DEPUTY UZUNOFF, et al.,

                        Defendants.
_____

APPEARANCES:

JOHNNY WILLIAM BOYDE
Plaintiff, pro se
07001284
Onondaga County Correctional Facility
6660 E. Seneca Turnpike
Jamesville, NY 13078


THOMAS J. McAVOY
Senior United States District Judge

**DECISION AND ORDER**

**I.    INTRODUCTION**

Plaintiff Johnny William Boyde filed four pro se civil rights complaints pursuant to 42 U.S.C. § 1983 ("Section 1983"), which were consolidated by Decision and Order entered on July 28, 2021. Dkt. No. 12 ("July 2021 Order").[1] The July 2021 Order also granted plaintiff's request to proceed in forma pauperis and dismissed the claims asserted in the consolidated

---

[1] Those cases were captioned as follows: (1) *Boyde v. Uzunoff*, 9:21-CV-0741 ("*Boyde I*"), Dkt. No. 1 (N.D.N.Y. filed June 29, 2021); (2) *Boyde v. Quigley*, 9:21-CV-0742 ("*Boyde II*"), Dkt. No. 1 (N.D.N.Y. filed June 29, 2021); (3) *Boyde v. Onondaga County Justice Center*, 9:21-CV-0748 ("*Boyde III*"), Dkt. No. 1 (N.D.N.Y. filed June 30, 2021); and (4) *Boyde v. McCarty*, 9:21-0837 ("*Boyde IV*"), Dkt. No. 1 (N.D.N.Y. filed July 23, 2021).

complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. *Id*. at 16-18.[2] In light of plaintiff's pro se status, he was afforded an opportunity to submit a second amended complaint. *Id*. at 18.[3]

Presently before the Court are the following: (1) plaintiff's second amended complaint and submission in further support of this pleading, Dkt. Nos. 18, 22 (collectively, "SAC");[4] and (2) two additional applications to proceed in forma pauperis, Dkt. Nos. 19, 20 ("Renewed IFP Applications").

## II.   RENEWED IFP APPLICATIONS

As noted, the Court previously granted plaintiff's request to proceed in forma pauperis. *See* July 2021 Order at 4-5. Accordingly, plaintiff's Renewed IFP Applications are denied as unnecessary.

## III.   SUFFICIENCY OF THE SECOND AMENDED COMPLAINT

### A.   The Consolidated Complaint and July 2021 Order

In his consolidated complaint, plaintiff alleged that he was involved in a use-of-force incident at the Onondaga County Justice Center on May 14, 2021. *See* Dkt. No. 1 ("Compl.").[5] Plaintiff named Deputy Sheriff Uzunoff, Deputy Sheriff Quigley, Sergeant

---

[2] Plaintiff's claims asserted against the Onondaga County Justice Center were dismissed with prejudice, and the remaining claims were dismissed without prejudice. *See* July 2021 Order at 17-18.

[3] Shortly after plaintiff filed his complaint in this action, he filed an amended complaint, which was almost identical to the pleading in *Boyde IV*. *See* July 2021 Order at 4 n.2. As a result, the Court declined to separately address the amended complaint, which suffered from the same deficiencies as the complaint in *Boyde IV*. *Id*.

[4] The Clerk is directed to attach a copy of plaintiff's supporting submission (Dkt. No. 22) after the last page of the second amended complaint. Page references herein are to the second amended complaint as supplemented.

[5] Plaintiff attached exhibits to his original pleading, Dkt. No. 1-2, which were also considered by this Court as part of its sufficiency review. *See* July 2021 Order at 7-9.

McCarty, and the Onondaga County Justice Center as defendants.  *See* Compl. at 1-2, 5-6, 9-10, 13-15.

The consolidated complaint was construed to assert Fourteenth Amendment excessive force and failure-to-intervene claims against each of the defendants.  *See* July 2021 Order at 8-9.

Following review of the consolidated complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), plaintiff's Section 1983 claims against the Onondaga County Justice Center were dismissed with prejudice, and his remaining claims were dismissed without prejudice for failure to state a claim upon which relief may be granted.  *See* July 2021 Order at 9-18.

**B.     Review of the Second Amended Complaint**

Because plaintiff is proceeding in forma pauperis and is an inmate suing one or more government employees, his second amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  The legal standard governing the review of a pleading pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the July 2021 Order and it will not be restated in this Decision and Order.  *See* July 2021 Order at 5-7.

As with the original complaint, plaintiff's second amended complaint, which is extremely brief, alleges wrongdoing based on events that occurred at the Onondaga County Justice Center.  *See generally*, SAC.  The following facts are set forth as alleged by plaintiff in the second amended complaint.

On May 14, 2021, defendant Deputy Wagner observed plaintiff laying on his cell floor

"kicking [a] chair repeatedly."  SAC at 4.[6]  Thereafter, unidentified Mental Health officials visited plaintiff at his cell, and two corrections sergeants, presumably defendants Carson and Uzunoff,[7] advised plaintiff that he needed to move to a new cell.  *Id*.  Plaintiff "refused to move" because "his legs were all twisted and he could not stand up."  *Id*.

Following plaintiff's refusal to stand and exit his cell, a group of "S.E.R.T." officials, including defendant Deputy Sheriff Quigley, "physically fold[ed] his legs" back, placed him in handcuffs, then secured him to a gurney and moved him to another cell.  SAC at 4, 7; Dkt. No. 1-2 at 3.

The Court liberally construes these allegations to assert Fourteenth Amendment excessive force and failure-to-intervene claims against each of the four named defendants.[8]

The second amended complaint seeks monetary damages.  SAC at 5.  For a more complete statement of plaintiff's claims, reference is made to the second amended complaint.

**C.    Analysis**

The legal standard governing Fourteenth Amendment excessive force and failure-to-intervene claims was discussed at length in the July 2021 Order, and will not be restated herein.  *See* July 2021 Order at 12-14.

As was the case with the consolidated complaint, the Court has no basis to plausibly

---

[6]  The Clerk is directed to add this official to the docket as a defendant.

[7]  The Clerk is directed to add Sergeant Carson to the docket as a defendant.

[8]  The complaint also alleges that on or about March 10, 2021, plaintiff was "discharged from C-Pep" following a "physical human test."  SAC at 5.  It is entirely unclear why plaintiff has included these allegations in his pleading.  In any event, plaintiff does not allege any wrongdoing associated with this "test."  Nor does he allege that any of the named defendants were personally involved in administering this "test."  Thus, the Court does not construe these allegations to assert a cognizable Section 1983 claim.

4

infer from the limited allegations in the second amended complaint that it was objectively unreasonable for any of the named defendants to enter plaintiff's cell and apply some amount of force to place him in restraints in order to then remove him from the cell. By plaintiff's own allegations, he was "repeatedly" kicking a chair before any officials entered his cell, and he refused to exit his cell when he was asked to do so. *See* SAC at 14.[9] Such allegations suggest that (1) plaintiff may have injured himself if officials did not remove him from his cell, and (2) removing him from the cell using some amount of force was necessary.

Moreover, plaintiff has failed to allege facts which plausibly suggest that any official used more force than necessary to accomplish the objective of removing him from his cell. Indeed, the second amended complaint does not allege that plaintiff suffered any injuries related to the use-of-force incident.

Accordingly, and for the reasons set forth in the July 2021 Order, plaintiff's Fourteenth Amendment claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

## IV.  CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Clerk attach a copy of plaintiff's supporting submission (Dkt. No. 22) after the last page of the second amended complaint (Dkt. No. 18); and it is further

**ORDERED** that the Clerk add Deputy Wagner and Sergeant Carson to the docket as defendants; and it is further

---

[9] Confusingly, the complaint alleges that plaintiff was unable to "stand up" to comply with the order to exit his cell because his "legs were all twisted." SAC at 4. However, it is entirely unclear what plaintiff's legs were "twisted" on, why this prevented him from standing, or how he was able to "repeatedly" kick a chair if his legs were "twisted."

**ORDERED** that plaintiff's Renewed IFP Applications (Dkt. Nos. 19, 20) are **DENIED as unnecessary**; and it is further

**ORDERED** that this action alleging federal claims under Section 1983 is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.  The Clerk is directed to terminate the defendants and close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: September 23 2021
　　　　Binghamton, NY

Thomas J. McAvoy
Senior, U.S. District Judge